IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DALE CHASE,

        Plaintiff,

No. 3:10-cv-01063-HZ

OPINION & ORDER

    v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Tim D. Wilborn
WILBORN LAW OFFICE, P.C.
P.O. Box 370578
Las Vegas, NV 89137

    Attorney for Plaintiff

Adrian L. Brown
U.S. ATTORNEY'S OFFICE
District of Oregon
1000 S.W. Third Ave., Suite 600
Portland, OR 97204
Daphne Banay

1 - OPINION & ORDER

SOCIAL SECURITY ADMINISTRATION
701 Fifth Avenue, Suite #2900 M/S 901
Seattle, WA 98104-7075

    Attorneys for Defendant

HERNANDEZ, District Judge:

    Now before me is an unopposed motion for attorney fees (doc. #46) filed by the attorney for Dale Chase, Tim Wilborn. Wilborn seeks an award under the Social Security Act, 42 U.S.C. § 406(b), for attorney fees in the amount of $45,637.25. For the reasons that follow, Plaintiff's motion is GRANTED.

## STANDARD

    Section 406(b) provides, in pertinent part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).

    The amount awarded is reduced by the amount of attorney fees awarded under the Equal Access to Justice Act ("EAJA"). <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 796 (2002).

## DISCUSSION

    In determining a § 406(b) fee request, the court must start with the amount agreed upon by the claimant and her attorney, evaluating only whether that amount should be reduced for one of three reasons: (1) because "the attorney provided substandard representation," (2) because "the attorney . . . engaged in dilatory conduct in order to increase the accrued amount of past-due benefits," or (3) because "the 'benefits are large

in comparison to the amount of time counsel spent on the case.'" Crawford v. Astrue, 586 F.3d 1142, 1148-49 & n.7 (9th Cir. 2009) (en banc) (quoting Gisbrecht, 535 U.S. at 808).

Here, the terms of the contingent-fee agreement between Plaintiff and Wilborn are within the statutory limits of § 406. The $45,637.25 in attorney fees Wilborn seeks amounts to 25% of the retroactive benefits awarded to Plaintiff. See Mem. in Supp., p. 10 (doc. #47). In addition, there is no indication that Plaintiff's counsel was either ineffective or dilatory. Furthermore, the ratio of the number of hours worked by Wilborn and the amount of fees requested amount to an effective hourly rate of $326.10 ($45,637.25 ÷ 139.95 hours = $326.10 per hour). The benefits are also not so large in comparison to the amount of time counsel spent on the case that a reduction of Plaintiff's fee request is justified.

Pursuant to the factors enunciated in Crawford, there are no grounds for reducing the contingent fee arrangement between Plaintiff and Wilborn. Accordingly, Wilborn is entitled to an award of $45,637.25, less total EAJA fees of $14,197.71, for a net award of $31,439.54 to be paid from Plaintiff's past-due benefits.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

For the foregoing reasons, the motion for attorney fees pursuant to § 406(b) (doc. #46) filed by Wilborn is GRANTED. Wilborn is hereby awarded $45,637.25, less total EAJA fees of $14,197.71, for a net award of $31,439.54 to be paid from Plaintiff's past-due benefits.

IT IS SO ORDERED.

Dated this 14 day of May, 2013.

_____
MARCO A. HERNANDEZ
United States District Judge

4 - OPINION & ORDER